IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

JUAN CARLOS RIVERA QUINONES

    Debtors

JUAN CARLOS RIVERA QUINONES
    Plaintiff

      vs.

OPERATING  PARTNERS  CO.,  LLC;
JOHN DOE AND JANE ROE; X, Y, OR
Z, INS. CORP
    Defendants

CASE NO. 14-08177 (ESL)

CHAPTER 7

ADV. PROC. NO. 15-00177 (ESL)

OPINION AND ORDER

This adversary proceeding is before the court upon the *Plaintiff's Motion for Summary Judgment on the Issue of Liability for Willful Violation of the Discharge Injunction* (Docket Nos. 11 and 12) filed by the Debtor (hereinafter referred to as "Debtor" or "Plaintiff") seeking a determination that Operating Partners Co., LLC (hereinafter referred to as "Operating Partners" or "Defendant") willfully violated the discharge injunction pursuant to 11 U.S.C. §524(a)(2) when it filed a motion for execution of judgment in a state court collection action initiated pre-petition by Operating Partners against the Debtor after the discharge order was entered. Operating Partners filed its *Opposition to Motion for Summary Judgment* alleging that it did not receive adequate notice of the Debtor's bankruptcy case because the Debtor provided an incorrect address and that its claim was not properly scheduled (Docket No. 20). In addition, Operating Partners asserts that the Plaintiff has not provided sufficient evidence that Operating Partners actually filed the motion to continue the pre-petition collection action in state court. Also, before the court is *Plaintiff's Reply in Support of Motion for Summary Judgment on the Issue of Liability for Willful Violation of the Discharge Injunction* filed by the Debtor in which he asserts that the Defendant's claim was properly scheduled and that it received notice of the

bankruptcy case and discharge order (Docket No. 22). Moreover, the Debtor also contends that whether or not the Defendant actually filed the motion for execution of judgment does not matter as it is undisputed that the Debtor received a copy of the motion and that is dated after the discharge order was entered.

For the reasons stated below, Debtor's motion for partial summary judgment is granted and Operating Partners' *Opposition to Motion for Summary Judgment* is denied.

Jurisdiction

The Court has jurisdiction pursuant to 28 U.S.C. §§157(a) and 1334(b). This is a core proceeding pursuant to 28 U.S.C. §157(b)(1) and (b)(2). Venue of this proceeding is proper under 28 U.S.C. §§1408 and 1409.

Procedural Background

The Debtor filed a Chapter 7 bankruptcy petition on October 1, 2014 (Lead Case No. 14-08177[1], Docket No. 1). The Debtor in *Schedule F* included Operating Partners as an unsecured creditor and stated that it was the assignee of PR Acquisitions, LLC, (Schedule F, Lead Case, Docket No 1, p. 26). The Debtor listed the following address for Operating Partners: P.O. Box 365061, San Juan, PR, 00936-5061. In addition, the Debtor disclosed in the *Statement of Financial Affairs* that there was a pending state court action for collection of money that had been filed by Operating Partners (Lead Case, Docket No.1, p.37). The Debtor also included PR Acquisitions, LLC as an unsecured creditor in the amount of $5,459.63 and listed its address as: 250 Munoz Rivera Aver [*sic*] Suite 1200, Hato Rey, PR, 00918 (*Schedule F*, Lead Case, Docket No. 1, p. 25).

On October 2, 2014, the *Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadline* (the "Notice") was docketed in the instant case (Lead Case, Docket No. 6). The Notice disclosed that the deadline to object to the Debtor's discharge or to challenge the dischargeability of certain debt was December 29, 2014. The certificate of service of the Notice

---

[1] Reference to the lead case are to the entries and documents filed in the bankruptcy case, case number 14-08177.

indicates that it was sent by first class mail to Operating Partners to the address provided by the Debtor. In addition, the Notice was also sent to by first class mail to PR Acquisitions, LLC and to Operating Partners' attorney in the state court action.[2] The 341 meeting of the creditors was held and closed on October 30, 2014 (Lead Case, Docket No. 9). Subsequently, on October 30, 2014, the Chapter 7 Trustee filed a Report of No Distribution and on October 31,2014 a notice was docketed indicating to creditors that they had 30 days to object to the Report of No Distribution (the "Notice of No Distribution") (Lead Case, Docket Nos. 11 and 12). The certificate of service indicates that the Notice of No Distribution was sent by first class mail to Operating Partners, PR Acquisitions, LLC, and Operating Partners' attorney in the state court action to the addresses provided by the Debtor.

On January 5, 2015, the order granting the Debtor's discharge under section 727 of the Bankruptcy Code was entered (the "Discharge Order") (Lead Case, Docket No. 16). The certificate of service indicates that the Discharge Order was sent by first class mail to Operating Partners, PR Acquisitions, LLC, and Operating Partners' attorney in the state court to the addresses provided by the Debtor.

Thereafter, on March 24, 2015, the Debtor filed a *Motion to Reopen Case to Permit the Debtors to File and Adversary Proceeding for Contempt and Violation of the Discharge Injunction* (Lead Case, Docket No. 20) and the same was granted on April 28, 2015 (Lead Case, Docket No. 23). On June 12, 2015, the Debtor filed a motion requesting an extension of thirty (30) days to file the adversary proceeding or otherwise plead (Lead Case, Docket No. 25) and the same was granted on June 15, 2015 (Lead Case Docket No. 26).

On July 13, 2015, the Debtor initiated this adversary proceeding based upon: (i) an alleged willful violation of the discharge injunction pursuant to 11 U.S.C. §524(a); (ii) contempt of the Discharge Order; and (iii) for actual damages, punitive damages, compensatory damages and legal fees pursuant to Section 524(h) and the court's inherent authority to enforce its orders

---

[2] The Debtor included Operating Partners' attorney in the state court action, Alberto J. Marini Delgado, as an unsecured creditor in *Schedule F* and provided the following address: Law Affairs, PSC, Ave Pino H-23 Villa Turabo, Caguas PR, 00725-6146 (*Schedule F*, Lead Case, Docket No.1, p. 26).

pursuant to Section 105. The Debtor sustains that Operating Partners willfully violated the discharge injunction by pursuing the state court collection action despite having knowledge of the Debtor's bankruptcy petition and the Discharge Order. The Plaintiff asserts that on or around March 2015 Operating Partners served the Debtor with copy of a motion requesting execution of the state court judgment and for the designation of a bailiff (the "Execution Motion"). The Execution Motion was dated January 13, 2015.  On August 11, 2015, Operating Partners filed a motion requesting an extension of fifteen (15) days to file its answer to the Complaint (Docket No. 7) and the same was granted on August 17, 2015 (Docket No. 8). On August 26, 2015, Operating Partners filed its *Answer to Complaint* (Docket No. 10).

Subsequently, on October 19, 2015, the Debtor filed *Plaintiff's Motion for Summary Judgment on the Issue of Liability for Willful Violation of the Discharge Injunction* and *Plaintiff's Statement of Material Facts* (Dockets Nos. 11 and 12). The Debtor argues in its motion for partial summary judgment that Operating Partners willfully violated the discharge injunction when it filed the Execution Motion in state court and served the Debtor with a copy of the motion after he had received his discharge, despite having notice of the bankruptcy case and of the Discharge Order. In addition, the Debtor asserts that the Execution Motion was filed to collect a debt that had been discharged and that Operating Partners admits that it did not stay the state court collection action until July 27, 2015. On October 21, 2015, the court entered an Order granting Operating Partners thirty (30) days to file an opposition to the motion for summary judgment and continuing without a date the pre-trial scheduled for November 6, 2015, pending a decision on the Debtor's motion for partial summary judgment (Docket No. 13). On November 18, 2015, Operating Partners filed a motion requesting an extension of fifteen (15) days to file its opposition to Debtor's motion for summary judgment (Docket No. 15) and the court granted the same on November 20, 2015 (Docket No. 16).

On December 7, 2015, Operating Partners filed its *Opposition to Motion for Summary Judgment* and *Answer to Plaintiffs' Statemen* [*sic*] *of Uncontested Facts* (Docket Nos. 20 and 21) arguing that: (i)  Debtor did not properly list Operating Partners' claim in his Schedules;

(ii) Operating Partners never received notice of the Debtor's bankruptcy case because the Debtor provided an incorrect address[3]; and (iii) the Debtor has not provided sufficient evidence that Operating Partners actually filed the Execution Motion in state court.

On December 11, 2015, the Debtor filed *Plaintiff's Reply in Support of Motion for Summary Judgment on the Issue of Liability for Willful Violation of the Discharge Injunction* (Docket No. 22) in which he states that Operating Partners essentially only raised the defense of improper notice of the bankruptcy case and Discharge Order. Moreover, the Debtor argues that the Defendant had notice of the Debtor's bankruptcy case and of the Discharge Order since: (i) Debtor's motion to re-open the case and the Complaint were sent to the Defendant at the address provided by the Debtor and the Defendant accepted service; (ii) Operating Partners' state court attorney and principal, PR Acquisitions, LLC, were included in Debtor's Schedules and received notice of the bankruptcy case and Discharge Order as evidenced by the certificates of service;(iii) in the state court complaint the Defendant listed its address as the address listed in *Schedule F* for PR Acquisitions, LLC. Thus, the Debtor argues that the Defendant received notice of the bankruptcy case and Discharge Order at the address where it received and acknowledged service of the *Complaint* and in addition it received notice directly or indirectly through its state court attorney and/or PR Acquisitions, LLC. Furthermore, the Plaintiff sustains that *Schedule F* properly listed Operating Partners' claim and details that the claim is for $5,549.63 and that it is held principally by PR Acquisitions, LLC. Finally, the Debtor states that whether or not the Defendant actually filed the Execution Motion in state court after serving it on the Debtor, "[t]he undisputed fact remains that Plaintiff received a copy of the Execution Motion bearing the caption of the collection action, dated after the discharge was entered, and bearing the signature of the Defendant's state attorney" (Docket No. 22, p. 5, ¶13).  The Debtor argues that:

"[w]hat seems plausible is that Defendant served the Execution Motion first to the

Debtor but refrained from filing it in court when it realized that Debtor had moved

---

[3] Operating Partners states that its correct address is: PO Box 194499, San Juan, Puerto Rico, 00919-4499 (Docket No. 21, ¶¶4-5).

to stay the collection action pro se in or about October 22, 2012 (See Attachment 4: Debtor's pro se motion filed in state court,) [sic] There is no requirement in the law that a violation of this nature had to be filed in state court first. The test for violation is whether the Defendant caused the offensive act willfully with notice of the discharge, and whether Debtor received the offensive act. Those facts are established because Plaintiff received the Execution Motion after the discharge, as is visible in the record." (Docket No. 22, p.6, n.6).

The first issue before the court is whether Operating Partners received notice of the *Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadline* (Lead Case, Docket No.6) and the Discharge Order (Lead Case, Docket No. 16). If Operating Partners received notice of the Debtor's bankruptcy petition and the Discharge Order, then the court needs to determine whether the filing in the state court action and/or serving on the Debtor copy of the Execution Motion constitutes a violation of the discharge injunction under 11 U.S.C. §524(a)(2).

After considering the totality of the record, the following facts are uncontested. (Docket Nos. 11, 12, 20, 21 & 22):

Material Uncontested Facts

1. On July 16, 2013, Operating Partners filed a collection action in the Puerto Rico Court of First Instance, Arecibo Section (CCM2013-0394) and listed its address as: American International Plaza, Suite 1200, 250 Ave. Muñoz Rivera, San Juan, PR, 00918 (Docket No. 22, p.11).

2. On October 1, 2014, Debtor filed for bankruptcy relief under Chapter 7 of the Bankruptcy Code. (Lead Case, Docket No. 1)

3. The Debtor in *Schedule F* included Operating Partners as an unsecured creditor, stated that it was the assignee of PR Acquisitions, LLC and listed its address as: PO BOX 365061, San Juan, PR, 00936-5061 (Lead Case, Docket No.1, p.26).

4. The Debtor in *Schedule F* included PR Acquisitions, LLC, as an unsecured creditor and listed its address as: 250 Munoz Rivera Aver [*sic*] Suite 1200, Hato Rey, PR, 00918 (Lead Case, Docket No. 1, p. 25).

5. The Debtor in *Schedule F* included attorney Alberto Marini Delgado Law as an unsecured creditor and listed his address as: Law Affairs, PSC, Ave Pino H-23 Villa Turabo, Caguas, PR, 00725 (Lead Case, Docket No.1, p. 26).

6. On October 2, 2014, the *Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadline* was docketed in the lead case (Lead Case, Docket No. 6).

7. The Certificate of Notice which was docketed on October 4, 2014, disclosed that the *Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadline* was sent by first class mail to Operating Partners, PR Acquisitions, LLC, and to attorney Alberto J. Marini Delgado to the addresses provided by the Debtor (Lead Case, Docket No. 7).

8. On October 22, 2014, the Debtor filed a motion informing the state court that he had filed for bankruptcy and requesting that the state court collection action be stayed (Docket No. 22, p.12).

9. On January 5, 2015, the Discharge Order was entered (Lead Case, Docket No. 16).

10. The Certificate of Notice which was docketed on January 5, 2015, disclosed that the Discharge Order was sent by first class mail to Operating Partners, PR Acquisitions, LLC, and to attorney Alberto J. Marini Delgado to the addresses provided by the Debtor (Lead Case, Docket No. 18).

11. The Debtor received copy of the Execution Motion dated January 13, 2015, which requested execution of the state court judgment and the appointment of a bailiff. (Docket No. 1, p. 11).

12. On March 24, 2015, the Debtor filed *Motion to Reopen Case to Permit the Debtors to File and Adversary Proceeding for Contempt and Violation of the Discharge Injunction* (Lead Case, Docket No. 20).

13. On March 27, 2015, the Debtor filed a Certificate of Service stating that it sent Operating Partners by certified mail a copy of the motion to reopen the case to the address previously provided by the Debtor and by regular first class mail to its attorney in the state court action (Lead Case, Docket No. 22).

14. On July 13, 2015, the Debtor filed this adversary proceeding (Docket No.1).

15. On July 17, 2015, the Debtor filed a Certificate of Service stating that it sent a copy of the Summons, Complaint and order scheduling preliminary pre-trial to the Defendant via certified mail to the address provided by the Debtor. (Docket No. 6).

16. On August 11, 2015, Operating Partners filed a motion requesting an extension of fifteen (15) days to file its answer to the complaint (Docket No. 7).

<u>Applicable Law and Analysis</u>

*(A) Standard for Motion for Summary Judgment*

Rule 56 of the Federal Rules of Civil Procedure, is applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure. Summary judgment should be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Bankr. P. 7056; *see also*, In re Colarusso, 382 F.3d 51 (1st Cir. 2004), citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986).

"The summary-judgment procedure authorized by Rule 56 is a method for promptly disposing of actions in which there is no genuine issue as to any material fact or in which only a question of law is involved." Wright, Miller & Kane, <u>Federal Practice and Procedure</u>, 3d, Vol

10A, § 2712 at 198. "Rule 56 provides the means by which a party may pierce the allegations in the pleadings and obtain relief by introducing outside evidence showing that there are no fact issues that need to be tried." Id. at 202-203. Summary judgment is not a substitute for a trial of disputed facts; the court may only determine whether there are issues to be tried, and it is improper if the existence of a material fact is uncertain. Id. at 205-206.

Summary judgment is warranted where, after adequate time for discovery and upon motion, a party fails to make a showing sufficient to establish the existence of an element essential to its case and upon which it carries the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

For there to be a "genuine" issue, facts which are supported by substantial evidence must be in dispute, thereby requiring deference to the finder of fact. Furthermore, the disputed facts must be "material" or determinative of the outcome of the litigation. Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975), cert. denied, 425 U.S. 904 (1976). When considering a petition for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. Poller v. Columbia Broadcasting Systems, Inc., 368 U.S. 464, 473 (1962); Daury v. Smith, 842 F.2d 9, 11 (1st Cir. 1988).

The moving party invariably bears both the initial as well as the ultimate burden in demonstrating its legal entitlement to summary judgment. Adickes v. Kress & Co., 398 U.S. 144, 157 (1970). See also López v. Corporación Azucarera de Puerto Rico, 938 F.2d 1510, 1516 (1st Cir. 1991). It is essential that the moving party explain its reasons for concluding that the record does not contain any genuine issue of material fact in addition to making a showing of

support for those claims for which it bears the burden of trial. Bias v. Advantage International, Inc., 905 F.2d 1558, 1560-61 (D.C. Cir. 1990), cert. denied, 498 U.S. 958 (1990).

The moving party cannot prevail if any essential element of its claim or defense requires trial. López, 938 F.2d at 1516. In addition, the moving party is required to demonstrate that there is an absence of evidence supporting the nonmoving party's case. Celotex, 477 U.S. at 325. See also Prokey v. Watkins, 942 F.2d 67, 72 (1st Cir. 1991); Daury, 842 F.2d at 11. In its opposition, the nonmoving party must show genuine issues of material facts precluding summary judgment; the existence of some factual dispute does not defeat summary judgment. Kennedy v. Josepthal & Co., Inc., 814 F.2d 798, 804 (1st Cir. 1987). See also, Kauffman v. Puerto Rico Telephone Co., 841 F.2d 1169, 1172 (1st Cir. 1988); Hahn, 523 F.2d at 464. A party may not rely upon bare allegations to create a factual dispute but is required to point to specific facts contained in affidavits, depositions and other supporting documents which, if established at trial, could lead to a finding for the nonmoving party. Over the Road Drivers, Inc. v. Transport Insurance Co., 637 F.2d 816, 818 (1st Cir. 1980).

The moving party has the burden to establish that it is entitled to summary judgment; no defense is required where an insufficient showing is made. López, 938 F.2d at 1517. The nonmoving party need only oppose a summary judgment motion once the moving party has met its burden. Adickes, 398 U.S. at 159.

For the reasons explained below, this court grants the Debtor's motion for partial summary judgment, and denies Operating Partners' opposition thereto.

*(B) Notice of Debtor's Discharge*

"In order to ensure sufficient notice to parties in interest of various events in a bankruptcy case, the Bankruptcy Code and Rules impose specific obligations on the debtor and

the Clerk of the bankruptcy court." In re San Miguel Sandoval, 327 B.R. 493, 507 (B.A.P. 1st Cir. 2005). Pursuant to Fed. R. Bank. P. 4004(g), "[t]he clerk shall promptly mail a copy of the final order of discharge to those specified in subdivision (a) of this rule." [4] Fed. R. Bank. P. 4004(g). "Those entities include all creditors, the trustee and the trustee's attorney." Alan N. Resnick & Henry J. Sommer, 9 Collier on Bankruptcy ¶4004.[08](16th ed. 2015). Moreover, "[t]he addresses to be used for the notices are dictated by Rule 2002(g) and (j)." Id.

Fed. R. Bankr. P. 2002(g)(1) establishes that "[n]otices required to be mailed under Rule 2002 to a creditor, indenture trustee, or equity security holder shall be addressed as such entity or an authorized agent has directed in its last request filed in the particular case." Fed. R. Bankr. P. 2002. However, "[w]hen no such request is filed, the address listed in the debtor's list of creditors or schedules is to be used, unless the creditor has given a different address in a duly filed proof of claim and notice of no dividend has not been given." Alan N. Resnick & Henry J. Sommer, 9 Collier on Bankruptcy ¶4004.[08](16th ed. 2015). "The failure to send notice promptly has no effect on the validity of the discharge order. However, it may provide a defense to a creditor who violates the discharge order if the creditor had no actual knowledge of the discharge order." Id. at ¶4004.RH[1].

As this court has previously expressed "[t]he purpose of statutorily requiring a debtor to

---

[4] Subsection (a) of Fed. R. Bank. P. 4004 provides:

> In a chapter 7 case, a complaint, or a motion under § 727(a)(8) or (a)(9) of the Code, objecting to the debtor's discharge shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). In a chapter 11 case, the complaint shall be filed no later than the first date set for the hearing on confirmation. In a chapter 13 case, a motion objecting to the debtor's discharge under § 1328(f) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). At least 28 days' notice of the time so fixed shall be given to the United States trustee and all creditors as provided in Rule 2002(f) and (k) and to the trustee and the trustee's attorney.

Fed. R. Bankr. P. 4004.

list its creditors with their mailing addresses is to provide them with basic due process notice." In re TEMSCO NC Inc., 537 B.R. 108, 120 (Bankr. D.P.R. 2015). However:

> "The Bankruptcy Code provides "no guidance as to what is the proper address of a creditor, it is clear that such an address must provide the creditor reasonable notice of the bankruptcy proceeding." Id. "Courts generally consider the totality of the circumstances in determining whether notice was reasonable." In re O'Sullivan, 488 B.R. 510, 513 (Bankr.D.Mass.2013) citing People ex rel. Hartigan v. Peters, 871 F.2d 1336, 1340 (7th Cir.1989). "What constitutes 'reasonable notice,' however, varies according to the knowledge of the parties." In re S.N.A. Nut Co., 198 B.R. 541, 543 (Bankr.N.D.Ill.1996). "One circumstance to consider in evaluating the sufficiency of the notice is whether alleged inadequacies in the notice prejudiced the creditor." In re Walker, 149 B.R. 511, 514 (Bankr.N.D.Ill.1992) citing People ex rel. Hartigan v. Peters, 871 F.2d at 1340. Another factor to consider is whether notice was given to the creditor in time for it to take meaningful action in response to the impending deprivation of rights. Id. at 514 citing Memphis Light, Gas, and Water Div. v. Craft, 436 U.S. 1, 13, 98 S.Ct. 1554, 56 L.Ed.2d 30 (1978); Armstrong v. Manzo, 380 U.S. 545 at 551–552, 85 S.Ct. 1187, 14 L.Ed.2d 62; Aacen v. San Juan County Sheriff's Dept., 944 F.2d 691, 696–97 (10th Cir.1991); Chicago Cable Communications v. Chicago Cable Com'n, 879 F.2d 1540, 1545 (7th Cir.1989).

Id. Moreover, "if "... a creditor challenges the accuracy of a listed address, the burden should properly fall upon the creditor to establish that the address provided was so incorrect as to fall short of this threshold." Id., quoting WebMD Practice Servs. v. Sedlacek (In re Sedlacek), 325 B.R. 202, 217 (Bankr. E.D.Tenn. 2005) citing In re Kleather, 208 B.R. 406, 410 (Bankr. S.D. Ohio 1997). Furthermore, the United States Bankruptcy Appellate Panel for the First Circuit (the "First Circuit BAP") has declared that some courts "imputed notice to a creditor where the attorney who received notice did not appear in the bankruptcy case, but represented the creditor with respect to pre-bankruptcy litigation against the debtor." In re San Miguel Sandoval, 327 B.R. 493 at 508, citing In re Schicke, 290 B.R. 792, 802–03 (10th Cir. BAP 2003).

In the instant case, Operating Partners did not file a request in the lead case directing the court to send notices to a particular address, nor did it file a proof of claim. As a result, the Notice and Discharge Order were sent to the alleged incorrect address provided by the Debtor in the list of creditors. However, the Debtor also included the addresses of the PR Acquisitions,

-12-

LLC, and of the Operating Partners' attorney in the state court action in the list of creditors and thus both parties received notice of the Debtor's bankruptcy case and of the Discharge Order. Moreover, the address that the Debtor listed as PR Acquisitions, LLC's address and where the notices were sent is the same address that Operating Partners listed as its address when it filed the collection action in state court. Furthermore, the Defendant has failed to provide any evidence to support its contention that the address listed by the Debtor is not Operating Partners' correct address.

The court also notes that the Plaintiff sent Operating Partners a copy of the *Motion to Reopen Case to Permit the Debtors to File and Adversary Proceeding for Contempt and Violation of the Discharge Injunction* and of the *Complaint* to the address listed in the creditor matrix and the Defendant filed a timely appearance in this adversary proceeding. Consequently, the court finds that Operating Partners had due notice of the bankruptcy petition and actual knowledge of the Debtor's discharge. See In re Trask, 462 B.R. 268, 275 (B.A.P. 1st Cir. 2011)("It would seem that one might properly be said to have actual notice when he has information in regard to a fact, or information as to circumstances an investigation of which would lead him to information of such fact") (citations omitted).[5]

Accordingly, the court finds and concludes that Operating Partners had notice/knowledge of the Debtor's bankruptcy petition and discharge. Therefore, the court must now determine whether the filing and/or service of the Execution Motion constituted a violation of a discharge injunction.

---

[5] The court also notes that even though Operating Partners alleges that it never received notice of the Debtor's bankruptcy petition, on October 22, 2014, the Debtor filed a pro-se motion in the state court action in which he informed the court that he had filed for bankruptcy, listed the number of his bankruptcy case, and requested that proceedings be stayed.

*(C) Discharge Injunction under 11 U.S.C. §524(a)(2)*

"In Chapter 7, the debtor, if an individual, is entitled to a discharge of personal liability on pre-bankruptcy debts." In re Acosta, 464 B.R. 86, 96 (Bankr. D.P.R. 2011). Moreover, Section 524(a)(2) states that a discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived."11 U.S.C. § 524. Hence, "[t]he discharge injunction is like a permanent extension of the automatic stay under 11 U.S.C. § 362(a) of the Bankruptcy Code and thus, includes all types of collection activity such as; letters, phone calls, threats of criminal proceedings or other adverse actions brought about with the purpose of debt repayment." In re Laboy, 2010 WL 427780, at *5 (Bankr. D.P.R. 2010). "The discharge injunction embodies the fresh start policy of the Bankruptcy Code, by which honest but unfortunate debtors are relieved of personal liability for their discharged debts." Best v. Nationstar Mortg. LLC (In re Best), 540 B.R. 1, 8 (B.A.P. 1st Cir. 2015)(internal quotations omitted), quoting In re Lemieux, 520 B.R. 361, 364 (Bankr. D. Mass. 2014). "A bankruptcy court may invoke § 105 to enforce the discharge injunction imposed by § 524, and order damages if the circumstances so require." In re Lumb, 401 B.R. 1, 6 (B.A.P. 1st Cir. 2009). "[A]ny sanctions imposed for violations [are] in the nature of civil contempt." In re Canning, 706 F.3d 64, 69 (1st Cir. 2013).

The First Circuit BAP has established that "[a] creditor violates the discharge injunction (or automatic stay) when it (1) has notice of the debtor's discharge (or, in the case of the automatic stay, has notice of the bankruptcy filing); (2) intended the actions which constituted the violation; and (3) acts in a way that improperly coerces or harasses the debtor." In re Lumb, 401 B.R. 1 at 6. "The defendant must have actual or constructive knowledge of the discharged debt for the knowledge requirement to be satisfied." In re Laboy, 2010 WL 427780 at *6;

-14-

citing Torres v. Chase Bank U.S.A., N.A. (In re Torres), 367 B.R. 478, 490 (Bankr. S.D.N.Y. 2007). Moreover, "[c]oercion is assessed under an objective standard, and the issue of whether a creditor acted in an objectively coercive manner is determined on the specific facts of each case." Best v. Nationstar Mortg. LLC (In re Best), 540 B.R. 1 at 9, quoting Bates v. CitiMortgage, Inc. (In re Bates), 517 B.R. 395, 398 (Bankr. D.N.H. 2014) (citations omitted). "The burden of proof is on the former debtor to establish by clear and convincing evidence that [the] creditor violated the post-discharge injunction." Id., quoting Manning v. CitiMortgage, Inc. (In re Manning), 505 B.R. 383, 386 (Bankr. D.N.H. 2014) (citations omitted).

*(D) Violation of the Discharge Injunction*

As previously discussed, the discharge injunction protects debtors from a broad range of actions by a creditors intended to bring about repayment of the discharged debt. Moreover, the United States Court of Appeals for the First Circuit has established "that courts are to use an objective test in determining whether a creditor's actions were improperly coercive under the circumstances." In re Lumb, 401 B.R. 1 at 6. Therefore, "a debtor need not prove that a creditor acted in bad faith or even that the creditor created all of the circumstances in which the coercion occurred, only that the creditor's actions had a coercive effect upon the debtor." Id. at 7.

In the instant case, the Debtor alleges that Operating Partners' violated the discharge injunction by filing and/or serving the Execution Motion on the Debtor after he had received his discharge. The Defendant disputes that the Execution Motion was ever filed in state court. However, Operating Partners failed to introduce any evidence to dispute and/or explain why the Debtor received a copy of said motion. Regardless of whether the Execution Motion was filed in state court, the act of serving a copy of the same on the Debtor constitutes a "coercive act". The Execution Motion (dated after the Discharge Order was entered) requested execution of the state

-15-

court judgment related to the Debtor's debt with PR Acquisitions, LLC and Operating Partners. Thus, service of the Execution Motion on the Debtor was an action to enforce a prepetition debt which had been previously discharged.

Conclusion

For the reasons stated herein, Debtor's *Plaintiff's Motion for Summary Judgment on the Issue of Liability for Willful Violation of the Discharge Injunction* (Docket Nos. 11 and 12) is hereby granted and Operating Partners' opposition thereto (Dockets Nos. 20 and 21) is denied.

A pretrial hearing on the damages resulting from Operating Partners' violation of the discharge injunction is hereby scheduled for **August 19, 2016, at 9:30 a.m**.

SO ORDERED.

Partial Judgment will be entered accordingly.

In San Juan, Puerto Rico, this 18th day of May, 2016.

Enrique S. Lamoutte
United States Bankruptcy Judge

-16-